UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SCOTT, | ) 5:10CV0577 |
| Petitioner | ) JUDGE JACK ZOUHARY |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| DEB TIMMERMAN-COOPER, Warden, | ) |
| Respondent | ) REPORT AND RECOMMENDED ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Michael Scott ("Scott") filed a petition pro se for a writ of habeas corpus, arising out of his 2008 convictions for felonious assault in the Summit County (Ohio) Court of Common Pleas. In his petition, Scott raised three grounds for relief:

> 1. The failure of the indictment for felonious assault against a peace officer failed to include a mens rea element as to the status of the victim as a police officer is structural error that requires a reversal of appellant's conviction.
>
> 2. The appellant's conviction was against the manifest weight of the evidence.
>
> 3. The trial court erred in instructing the jury that the state did not need to prove that appellant knew that the victim was a peace officer or to instruct the jury that the state had to prove that appellant was reckless in that regard.

(Doc. 1, at § 12.) The respondent filed an Answer/Return of Writ, which contends that none of Scott's claims are cognizable in a federal habeas proceeding. (Doc. 8, at 5.) Scott has not filed a Traverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

> On November 26, 2007, Scott was indicted on one count of attempted murder in violation of R.C. 2903.02(A)/2923.02, a felony of the first degree; one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the first degree, as the victim was a peace officer; one count of obstructing official business in violation of R.C. 2921.31(B), a felony of the fifth degree; and one count of resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree. He pled not guilty and the case proceeded to trial.
>
> Prior to the commencement of trial, the State dismissed counts three and four, obstructing official business and resisting arrest. At the conclusion of trial, the jury found Scott not guilty of attempted murder, but guilty of felonious assault. The jury further found that the victim of the felonious assault was a peace officer. The trial court sentenced Scott to six years in prison.

(Doc. 8, RX 8, at 1-2; State v. Scott, No. 24149, 2008 WL 5159036, at *1 (Ohio Ct. App. Dec. 10, 2008).)

<u>Direct appeal</u>

Scott, through his appellate counsel, raised three assignments of error on his direct appeal:

> 1. The failure of the indictment for felonious assault against a peace officer failed to include a mens rea element as to the status of the victim as a police officer is structural error that requires reversal of appellant's conviction.

2

> 2. Appellant's conviction was against the manifest weight of the evidence.
>
> 3. The trial court erred in instructing the jury that the state did not need to prove that appellant knew that the victim was a peace officer, or to instruct the jury that the State had to prove that appellant was reckless in that regard.

(Doc. 8, RX 6.) The court of appeals upheld his conviction. (Doc. 8, RX 8; Scott, 2008 WL 5159036.)

Scott filed a timely appeal to the Supreme Court of Ohio on Jan. 23, 2009, asserting the following propositions of law:

> 1. The failure of the indictment for felonious assault against a p[e]ace officer failed to include a mens rea element as to the status of the victim as a Police Officer is structural error that requires reversal of appellant's conviction.
>
> 2. Appellant's conviction was against the Manifest weight of the evidence.
>
> 3. The trial court erred in instructing the jury that the state did not need to prove that appellant knew that the victim was a peace Officer, or to instruct the jury that the state had to prove that appellant was reckless in that regard.

(Doc. 8, RX 10.) The Supreme Court dismissed the appeal as not involving any substantial constitutional question on April 22, 2009. (Doc. 8, RX 11; State v. Scott, 121 Ohio St.3d 1453, 904 N.E.2d 902 (2009).)

Rule 26(B) Motion to Re-Open

Scott also filed a timely application to re-open his appeal, under Ohio App. Rule 26(B), on grounds that appellate counsel was ineffective. Scott raised the following ground:

> Appellate counsel failed to adequately argue the appellant's rights to have each element of the offense against him proved beyond a reasonable doubt as guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution by not finding the facts to support a conviction and prison sentence of six years contrary to the guarantees of the Constitution of the United States.

(Doc. 8, RX 12.) The court of appeals denied his application on Apr. 6, 2009. (Doc. 8, RX 14.)

Scott did not appeal this decision further.

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

4

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Scott has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. MANIFEST WEIGHT OF THE EVIDENCE

The second ground of the petition is that Scott's conviction was against the manifest weight of the evidence. The respondent contends that this claim is not cognizable in habeas. (Doc. 8, at 5-7.)

A manifest weight of the evidence claim concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." State v. Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546 (1997). When reviewing a weight of the evidence claim, an appellate court sits as a "thirteenth juror," and reviews the jury's resolution of conflicting testimony. Tibbs v. Florida, 457 U.S. 31, 42 (1982). In the federal habeas context, this is outside the proper role of the habeas court. The jury is the sole finder of fact in a jury trial, and the jury determines the credibility of witnesses. United States v. Adamo, 742 F.2d 927, 934-935 (6th Cir. 1984), cert. denied, 469 U.S. 1193 (1985).

Moreover, a claim that Scott's conviction was against the manifest weight of the evidence is a state law issue, and a federal habeas court has no power to grant habeas relief on the basis that a state conviction is against the weight of the evidence. Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985), cert. denied, 476 U.S. 1123 (1986); Cameron v. Birkett, 348 F.Supp.2d 825, 838 (E.D. Mich. 2004) (citing cases). The petition should not be granted on the second ground based on the manifest weight of the evidence.

## IV. INDICTMENT

The first ground of the petition is:

The failure of the indictment for felonious assault against a peace officer failed to include a mens rea element as to the status of the victim as a police officer is structural error that requires a reversal of appellant's conviction.

(Doc. 1, at § 12.) The respondent argues that this claim is not cognizable. (Doc. 8, at 7-8.)

The U.S. Supreme Court has stated that, generally, "the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings." Knewel v. Egan, 268 U.S. 442, 446 (1925). The main Constitutional issue is whether the indictment provides the defendant with sufficient information of the charged offense, to enable him to defend himself against the accusations. Roe v. Baker, 316 F.3d 557, 570 (6th Cir. 2002), cert. denied, 540 U.S. 853 (2003). See also Cole v. Arkansas, 333 U.S. 196, 201 (1948); Hartman v. Lee, 283 F.3d 190, 195 n.5 (4th Cir. 2002), cert. denied, 537 U.S. 1114 (2003). "Any other deficiencies in the indictment alleged by petitioner are solely matters of state law and so not cognizable in a federal habeas proceeding." Roe, 316 F.3d at 570 (quoting Mira v. Marshall, 806 F.2d 636, 639 (6th Cir. 1986)).

The language of the indictment mirrored the language of the statute, thus provided Scott with sufficient information as to the charged offense. See doc. 8, RX 8, at 2-3; Scott, 2008 WL 5159036, at *1.) The petition should not be granted on the basis of the first ground.

## V.  JURY INSTRUCTION

The third ground of the petition is:

The trial court erred in instructing the jury that the state did not need to prove that appellant knew that the victim was a peace officer or to instruct the jury that the state had to prove that appellant was reckless in that regard.

(Doc. 1, at § 12.)  The respondent contends that the argument that the trial court erred in its jury instructions does not raise a constitutional claim, and that Scott argued this claim on appeal only as a state law claim, not as a federal constitutional claim.  (Doc. 8, at 9; see generally doc. 8, RX 6, at 6.)

The respondent is correct that an allegation that an instruction may be incorrect under state law is not a basis for habeas relief.  Todd v. Stegal, No. 00-2203, 2002 WL 554500, at *3 (6th Cir.  Apr. 12, 2002) (per curiam), cert. denied, 537 U.S. 981 (2002) (citing Estelle v. McGuire, 502 U.S. 62, 71-72 (1991)).  In any event, the state court of appeals ruled that the instruction was proper in accordance with Ohio law.  (Doc. 8, RX 8, at 2-5; Scott, 2008 WL 5159036, at *1-*3.)

In addition, this court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts.  Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001).  To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising under state law.

Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). Scott argued this claim only as a state law claim, not as a federal constitutional claim. See doc. 8, RX 6, at 6.

The petition should not be granted on the basis of the third ground because it was not fairly presented to the state courts, thus it was not properly exhausted.

## VI. SUMMARY

The petition for a writ of habeas corpus should be denied.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.


Dated:   Feb. 21, 2012                         /s/ Kenneth S. McHargh
                                               Kenneth S. McHargh
                                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).